## (May 23, 1983)

■ In the Matter of ANDREW F. CAPOCCIA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to the Bar by this court on January 18, 1974 and maintains an office for the practice of law in the City of Albany. In this proceeding to discipline him for professional misconduct, petitioner moves to confirm in part and to disaffirm in part the report of the referee to whom the issues were referred. Respondent cross-moves to reopen the proceeding and to provide for a public hearing before the referee or, in the alternative, to confirm the findings favorable to him and to disaffirm those that are unfavorable. In the event that charges of misconduct are sustained, respondent requests that we grant a five-day stay from the date of our decision and direct that the records and documents in relation thereto be sealed during said five-day period in order to allow respondent time to make application to the Court of Appeals for a stay pending appeal. Cross motion, insofar as it seeks to reopen the proceeding and to provide for a public hearing, denied. The petition contains eight charges of professional misconduct. The referee sustained four charges, finding that respondent communicated with a Judge as to the merits of a case without notice to opposing counsel (Charge No. 1); failed to obey a direction of a Judge to appear on a day certain (Charge No. 2); charged and collected an excessive fee (Charge No. 3); and certified a record on appeal as a true copy of papers on file in the county clerk's office when the same was not true (Charge No. 6). He refused to sustain charges that respondent prepared a false and fraudulent pleading for a client (Charge No. 4); took action on behalf of a client

when he knew that such action would serve merely to harass or maliciously injure another (Charge No. 5); failed to file a satisfaction piece and made improper use of court process (Charge No. 7); and failed to co-operate with petitioner in its investigation of inquiries pending against him (Charge No. 8). After reviewing all of the evidence, we are in full agreement with the findings contained in the report of the referee. Accordingly, petitioner's motion is granted only to the extent of confirming the referee's report with respect to the charges sustained and is otherwise denied. Respondent's cross motion is granted to the extent of confirming the findings as to the charges that were not sustained and is otherwise denied, as is his request for a stay and for an order directing that the records and documents relating to this proceeding be sealed during the period of the stay. As for an appropriate sanction to be imposed for respondent's misconduct, we have concluded that he should be suspended from the practice of law for a period of six months. Respondent suspended for a period of six months, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.